IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL O'NEILL,

                    Petitioner,

        v.                                  CASE NO. 13-3030-SAC

LANSING CORRECTIONAL FACILITY and
KANSAS DEPARTMENT OF CORRECTIONS,

                    Defendants.


**MEMORANDUM AND ORDER**


This matter is a petition for mandamus. Petitioner, a prisoner at the Lansing Correctional Facility, is housed in the administrative segregation unit and seeks relief from his conditions of confinement there.

Petitioner has submitted neither the $350.00 filing fee nor a motion to proceed in forma pauperis, and the court will direct him to supplement the record. Because petitioner is a prisoner, if he proceeds in forma pauperis, he must pay the full filing fee in installment payments taken from his prison trust account. 28 U.S.C. §1915(b)(1).

However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

After a preliminary review of the petition, the court is considering the dismissal of this action for failure to state a claim for relief. Petitioner cites the Kansas mandamus statute, K.S.A. 60-801, as the legal basis for his claim for relief. However, that statute does not give the federal court mandamus authority over state officials, nor does the federal mandamus statute, 28 U.S.C. § 1361, confer that authority. Rather, the federal statute gives federal courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Amisub (PSL), Inc. v. Colorado Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989)("No relief against state officials or state agencies is afforded by §1361.") Accordingly, petitioner's request for mandamus relief against the respondent state agency and correctional facility is not cognizable under the federal mandamus statute.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before May 17, 2013, petitioner shall submit the $350.00 filing fee or a motion to proceed in forma pauperis to the clerk of the court. Any objection to this order must be filed on or before that date.

IT IS FURTHER ORDERED that on or before May 17, 2013, petitioner shall show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 17th day of May, 2013, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge